IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AARON C. BORING; CHRISTINE BORING, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-694 |
| | ) | Magistrate Judge Amy Reynolds Hay |
| GOOGLE, INC., | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

HAY, Magistrate Judge

In April 2008, Pennsylvania residents, Aaron and Christine Boring ("the Plaintiffs" or "the Borings"), filed a five count Complaint against Google, Inc. ("the Defendant" or "Google"), a Delaware corporation, in the Court of Common Pleas of Allegheny County, Pennsylvania. The Borings alleged entitlement to compensatory and punitive damages based on four tort-based causes of action: (1) Count I - invasion of privacy; (2) Count II - trespass; (3) Count IV - negligence; and (5) Count V - conversion. In Count III, the Plaintiffs asserted a claim for temporary and permanent injunctive relief. Invoking this Court's diversity jurisdiction, the Defendant effected timely removal. The Borings then filed an Amended Complaint (Doc.18), substituting an unjust enrichment claim for the conversion claim at Count V. The Defendant's Motion to Dismiss the Amended Complaint (Doc. 22) pursuant to Fed. R. Civ. P. 12(b)(6) is pending. Because the Plaintiffs have failed to state a claim under any count, the Amended Complaint will be dismissed .

**Background**

Google describes itself as the operator of a "well-known internet search engine" that maintains the world's largest and most comprehensive index of web sites and other online content. (Doc. 11 at 4). One of the services offered by Google is comprehensive online map access. "Google Maps gives users the ability to look up addresses, search for businesses, and get point-to point driving directions - all plotted on interactive street maps" made up of satellite or aerial images. Id. at 4-5. In May 2007, Google introduced "Street View" to its map options. Street View permits users to see and navigate within 360 degree street level images of a number of cities, including Pittsburgh. These images were generated by Google drivers who traversed the covered cities in passenger vehicles equipped with continuously filming digital panoramic cameras. Id. at 5. According to Google, "the scope of Street View was public roads." Id. Google included in the Street View program an option for those objecting to the content of an image to have it removed from view. (Doc. 11 at 5).

The Borings, who live on a private road north of Pittsburgh, discovered that "colored imagery" of their residence, outbuildings, and swimming pool, taken "from a vehicle in their residence driveway . . . without . . . waiver or authorization," had been included on Street View. (Doc. 18 at ¶ 9). The Plaintiffs allege that the road on which their home is located is unpaved and clearly marked with "Private Road" and "No Trespassing" signs. Id. at ¶ 11. They contend that Google, in taking the Street Search pictures from their driveway at a point past the signs, and in making those photographs available to the public, "significantly disregarded [their] privacy interests." Id. The Court addresses the sufficiency of the Borings' claims seriatim.

**Standard of Review**

In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, (2007), the Supreme Court held that a complaint challenged pursuant to Fed. R. Civ. P. 12(b)(6) must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. Said another way, a plaintiff is required to plead facts sufficient to "raise a right to relief above the speculative level." Id. at 1965. The court is not obligated to accept inferences unsupported by facts set out in the complaint, see California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)), and is not required to accept legal conclusions framed as factual allegations. Bell Atlantic Corp., 127 S.Ct. at 1965. See also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (explaining, citing Twombly, that "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice; noting that the complaint "must allege facts suggestive of [the proscribed] conduct;" and requiring plaintiff to allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim"). In evaluating the complaint, the Court views all facts and reasonable inferences drawn therefrom in the light most favorable to the Borings. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).

**Analysis**

    **A. The Claims for Invasion of Privacy**

The action for invasion of privacy embraces four analytically distinct torts:(1) intrusion upon seclusion; (2) publicity given to private life; (3) appropriation of name or likeness; and (4) publicity placing a person in a false light. Borse v. Piece Goods Shop, Inc., 963 F.2d 611, 621 n.9 (3d Cir. 1992). The Borings do not identity the tort or torts underlying their invasion of privacy claim. Appropriation of name or likeness and false light publicity clearly do not apply.

3

Since the remaining torts have an arguable relationship to the facts alleged, the Court will discuss each.

### 1. Intrusion Upon Seclusion

This tort is established where a plaintiff is able to show: (1) physical intrusion into a place where he has secluded himself; (2) use of the defendant's senses to oversee or overhear the plaintiff's private affairs; or (3) some other form of investigation into or examination of the plaintiff's private concerns. Id. at 621. "Liability attaches only when the intrusion is substantial and would be highly offensive to 'the ordinary reasonable person.'" Id. (quoting Harris by Harris v. Easton Publ'g Co., 483 A.2d 1377, 1383 -84 (1984)). See also Restatement (Second) of Torts §652B (same). In order to show that an intrusion was highly offensive, the plaintiff must allege facts sufficient to establish that the intrusion could be expected to cause "mental suffering, shame, or humiliation to a person of ordinary sensibilities." Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co., 809 A.2d 243, 248 (Pa. 2002) (quoting McGuire v. Shubert, 722 A.2d 1087 (Pa. Super. 1988)). This is a stringent standard. Wolfson v. Lewis, 924 F. Supp. 1413, 1420 (E.D. Pa. 1996). While it is easy to imagine that many whose property appears on Google's virtual maps resent the privacy implications, it is hard to believe that any - other than the most exquisitely sensitive - would suffer shame or humiliation. The Plaintiffs have not alleged facts to convince the Court otherwise.

Although the Plaintiffs have alleged intrusion that was substantial and highly offensive to them and have asserted that others would have a similar reaction, they have failed to set out facts to substantiate this claim. This is especially true given the attention that the Borings have drawn to themselves and the Street View images of their property. The Borings do not dispute that they

4

have allowed the relevant images to remain on Google Street View, despite the availability of a procedure for having them removed from view. Furthermore, they have failed to bar others' access to the images by eliminating their address from the pleadings, or by filing this action under seal. "Googling" the name of the Borings' attorney demonstrates that publicity regarding this suit has perpetuated dissemination of the Borings' names and location, and resulted in frequent re-publication of the Street View images. The Plaintiffs' failure to take readily available steps to protect their own privacy and mitigate their alleged pain suggests to the Court that the intrusion and the their suffering were less severe than they contend.

### 2. Publicity Given to Private Life

The Amended Complaint, insofar as is purports to state a claim for publicity given to the Borings' private life, is similarly flawed. Under Pennsylvania law, this claim comprises four elements:(1) publicity; given to (2) private facts; (3) which would be highly offensive to a reasonable person; and (4) are not of legitimate public concern. See Harris by Harris, 483 A.2d at 1384. Because the Plaintiffs have not alleged facts sufficient to establish the third element of this tort, the Court need not address the other requirements. As the Court has already discussed, the Amended Complaint is devoid of facts sufficient to indicate that the photographs of the Borings' property revealed private facts such that a reasonable person would be highly offended.. The Plaintiffs do not allege that their situation is unique or even unusual. Yet, it does not appear that the viability of Street Search has been compromised by requests that images be removed, nor does a search of relevant legal terms show that courts are inundated with - or even frequently consider - privacy claims based on virtual mapping. Furthermore, as was true with the intrusion upon seclusion claim, the Plaintiffs have done little to limit - and seem to have heightened

intentionally - public interest in and access to the allegedly private information.[1]

### B. The Negligence Claims

In order to state a claim based on negligence, a plaintiff must allege facts sufficient to show: (1) a duty of care; (2) breach of the duty; (3) actual loss or damage; and (4) a causal connection between the breach of duty and the resulting injury. Farabaugh v. Pa. Turnpike Com'n, 911 A.2d 1264, 1272-73 (Pa. 2006) (citing R.W. v. Manzek, 888 A.2d 740, 746 (2005)). The Borings' negligence claims are set out in the Amended Complaint as follows:

> Defendant has a duty of care to the public to utilize proper internal controls to avoid trespassing on private property. Additionally, Defendant has a duty to utilize proper methods and controls to avoid publishing data over Street View, irrespective of how the date is [sic] captured, for the whole world to see without some advance method of filtering. Defendant breached its duty by its aforesaid actions. Plaintiffs have been injured, and such breach was the proximate cause of Plaintiffs' injuries.

(Doc.18 at ¶ 24). These allegations are insufficient to state a viable claim. Simply stating that there is or ought to be a duty is not enough; the duty alleged must be one recognized by the law. See Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270, 280 (Pa. 2005)

---

[1] This claim is deficient in other respects. The facts do not establish that the views shown of the Plaintiffs' property constituted private information. What was disclosed was already available to the public by virtue of tax records and maps compiled by other internet search engines. (Doc.22 Ex. A-G). Aside from some additional detail, the Plaintiffs do not specify what in the Google images was not ascertainable from or was more outrageous than information included in public records or on other internet sites prior to the unveiling of Street Search.
    Even if the information had been disclosed for the first time on Google, it does not comport with the definition of "private facts" contained in the Restatement of Torts. According to the Restatement, private facts have been disclosed "when the publicity ceases to be the giving of information to which the public is entitled, and becomes a morbid and sensational prying into private lives for its own sake, with which a reasonable member of the public, with decent standards, would say that he had no concern. The limitations, in other words, are those of common decency. . . ." Restatement (Second) of Torts § 652D cmt. h. The Borings have not alleged facts to support the contention that Google transgressed standards of decency, or published information that was of no public concern.

(declaring it "well established that 'a cause of action in negligence requires allegations that establish the breach of a *legally recognized* duty or obligation that is causally connected to the damages suffered by the complainant.'") (citation omitted) (emphasis added). In certain circumstances, the Court may recognize a "new" duty on which a negligence claim may be based. See e.g., Althaus ex rel. Althaus v. Cohen, 756 A.2d 1169 (2000).[2] The Plaintiffs, however, do not mention the relevant factors. Moreover, it does not appear that these factors militate in favor of finding a duty.[3]

## C. Trespass

---

[2] "The determination of whether a duty exists in a particular case involves the weighing of several discrete factors: 1) the relationship between the parties; 2) the social utility of the actor's conduct; 3) the nature of the risk imposed and foreseeability of the harm incurred; 4) the consequences of imposing a duty upon the actor; and 5) the overall public interest in the proposed solution." Althaus, 756 A.2d at 1169.

[3] The Borings' negligence claim is also problematic in that it is grounded, in part, on damages attributable to "mental suffering." (Doc. 18 at ¶ 14). Recovery for emotional distress stemming from a defendant's negligence is available only where the claim includes physical injury to the plaintiff or, in limited circumstances, where the plaintiff witnesses injury to another. See Mest v. Cabot Corp., 449 F.3d 502, 519 (3d Cir. 2006) (collecting Pennsylvania cases). Neither of these conditions is met here.
  The Plaintiffs have also failed to state a claim for punitive damages in that they do not allege facts sufficient to support the contention that Google engaged in outrageous conduct. Ordinary negligence cannot be the basis for an award of punitive damages. See Hutchison ex rel. Hutchison v. Luddy, 946 A.2d 744, 747 (Pa Super. 2008).
  The Court disagrees with the Defendant's argument that diminution in the value of property is not recoverable in negligence. Pennsylvania's economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 618 (3d Cir.1995). The Borings' negligence claim is not based on a contract. The Court's rejection of the Defendant's argument is irrelevant, however, in view of the fact that the Borings have not alleged a single fact supporting their contention that their property decreased in value, or that any decrease was due to action taken by Google. Tying any alleged damage to Google would be particularly difficult in light of the number of times the images have been published by entities other than Google.

7

Pennsylvania law defines trespass as "an unprivileged, intentional intrusion upon land in possession of another." Graham Oil Co. v. BP Oil Co., 885 F. Supp. 716, 725 (W.D. Pa.1994) (citing Kopka v. Bell Tel. Co., 91 A.2d 232, 235 (1952)). Trespass is an intentional tort, which means that in order for liability to attach, a defendant must have the "intention to enter upon the particular piece of land." Valley Forge Gardens, Inc. v. James D. Morrissey, Inc., 123 A.2d 888, 891 (Pa.1956) (quoting Restatement § 163, comment b). Under Pennsylvania law, as under the general rule, a trespasser is responsible in damages for all injurious consequences which are the natural and proximate result of his conduct. See N.E. Women's Ctr., Inc. v. McMonagle, 689 F. Supp. 465, 477 (E.D. Pa. 1988) (citing Kopka 91 A.2d at 232 )). See also 75 Am. Jur.2d, Trespass, Section 52.

The Borings have not alleged facts sufficient to establish that they suffered any damages caused by the alleged trespass. They do not describe damage to or interference with their possessory rights. Instead, they claim, without factual support, that mental suffering and a diminution in property value were caused by Google's publication of a map containing images of their home. While, arguendo, trespass was the "but for" cause of their alleged harm, it was not the proximate cause required to establish indirect and consequential damages.[4]

---

[4] T he Borings misapprehend the nature of the tort of trespass when they argue that imposing liability for trespass here is no different from doing the same when a person enters briefly upon another's land to steal a car. This example is flawed, however, because in the second case the transgressor would be held accountable, not for trespass, but for theft of the car. The tort of trespass protects interests in possession of property. Consequently, "damages for trespass are limited to consequences flowing from the interference with *possession* and not for separable acts more properly allocated under other categories of liability." Costlow v. Cusimano, 34 A.D.2d 196, 201 (N.Y. 1970) (publication of photographs of plaintiffs' deceased children not actionable as trespass since claim was really based on interference with rights of a personal nature rather than for interference with rights to exclusive possession of property) (emphasis added).

The Court need not consider whether the Borings have alleged facts sufficient to support a claim for nominal damages, because the Amended Complaint does not contain a nominal damages claim.

### D. The Claim for Unjust Enrichment

In order to establish a claim for unjust enrichment, a plaintiff must allege facts showing that: (1) he conferred a benefit upon the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under circumstances making it inequitable for defendant to retain the benefit without compensating the plaintiff for its value. Lackner v. Glosser, 892 A. 2d 21, 34 (Pa. Super. 2006).

The doctrine of unjust enrichment is "typically invoked . . . when plaintiff seeks to recover from defendant for a benefit conferred under an unconsummated or void contract." Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris, Inc., 171 F.3d 912, 936 (3d Cir. 1999) (citing Zvonik v. Zvonik, 435 A.2d 1236, 1239- 40 (Pa. Super. 1981)). In this event, the law implies a quasi-contract, requiring that the defendant compensate the plaintiff for the value of the benefit conferred. In other words, the defendant makes restitution to the plaintiff in quantum meruit.[5] See Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 998 (3d Cir.1987); AmeriPro Search, Inc. v. Fleming Steel Co., 787 A.2d 988, 991 (Pa. Super. 2001) (citations omitted).

In this case, there was no relationship between the parties that could be construed as

---

[5] "Quantum meruit" is defined as "as much as deserved." Black's Law Dictionary at 1243 (6th ed. 1990). It "measures recovery under implied contract to pay compensation as reasonable value of services rendered." Id. See also Mulholland v. Kerns, 822 F. Supp.1161,1169 (E.D. Pa. 1993) (quoting Black's Law Dictionary)).

9

contractual. It cannot fairly be said that the Borings conferred anything of value upon Google.[6] The entire thrust of the Borings' allegations is that Google *took* something from the Borings without their consent, and should be held liable for having done so. There is, therefore, no basis for applying a quasi-contractual remedy.

The Borings argue that unjust enrichment is not an exclusively quasi-contractual remedy, but may stand alone as an independent tort. The Court of Appeals for the Third Circuit addressed this issue in Steamfitters, writing: "In the tort setting, an unjust enrichment claim is essentially another way of stating a traditional tort claim (i.e., if defendant is permitted to keep the benefit of his tortious conduct, he will be unjustly enriched.)" Id. 171 F.3d at 936. The Court then quoted the Restatement of Restitution:

> The desirability of permitting restitution in [tort] cases is usually not so obvious as in the cases where there has been no tort since the tortfeasor is always subject to liability in an action for damages, and . . . the right to maintain an action for restitution in such cases is largely the product of imperfections in the tort remedies, some of which imperfections have been removed.

Restatement of Restitution § 3 cmt. a (1937). The District Court for the District of New Jersey relied on Steamfitters in "treat[ing] the Plaintiffs' unjust enrichment claim as subsumed by their other tort claims, and not as an independent cause of action." Blystra v. Fiber Tech Group, Inc., 407 F. Supp. 2d 636, 645 n.11 (D. N.J. 2005). See also Pourzal v. Marriott Intern., Inc., Civ. No.

---

[6] Recovery for unjust enrichment would not, in any event, exceed the particular photographs' value to Google. In framing their demand for restitution, the Plaintiffs ignore the meaning of quantum meruit, arguing that they are entitled to recover all profits made by Google as a result of its decision "not to implement controls that would prevent inclusion of imagery of private property," and the amount of reduction in costs realized by Google "by failing to implement control measures." (Doc.18 at 22). The Borings do not cite - and the Court has not found - authority recognizing such broad-based recovery under the theory of unjust enrichment.

2001-140, 2006 WL 2471695, at *3 (D.V.I. Aug. 17. 2006) (dismissing unjust enrichment claim as "materially indistinct" from trespass claim). This approach is supported by the fact that the Restatement of Torts does not recognize unjust enrichment as an independent cause of action.[7] Dismissal of the Plaintiffs' tort claims favors dismissal of this claim as well.

### E. The Request for Injunctive Relief

Injunction is an extraordinary remedy that should be issued with caution "only where the rights and equities of the plaintiff are clear and free from doubt, and where the harm to be remedied is great and irreparable." 15 Standard Pennsylvania Practice 2d, § 83:2 (2005). In order to establish the right to injunctive relief, a plaintiff must demonstrate, at a minimum: (1) a clear right to relief; (2) an urgent necessity to avoid an injury that cannot be compensated in damages; and (3) a finding that greater injury will result from refusing, rather than granting, the relief requested. Id. at § 83:19. See also John G. Bryant Co., Inc., 369 A.2d at 1167. Where, as here, the request is for a mandatory injunction, the standard is even more demanding than the one applied where the plaintiff seeks to impose a restraint. See Mazzie, 432 A.2d at 988.

The Plaintiffs have failed to plead - much less set out facts supporting - a plausible claim of entitlement to injunctive relief. Where not one of the other claims is sufficient to survive the Defendant's Motion to Dismiss, the assertion of a right to injunctive relief also fails.

**Conclusion**

---

[7] In reaching this conclusion, the Court does not ignore the sentence included in a footnote in Flood v. Makowski, No. Civ. A. 3:CV-0301803, 2004 WL 1908221, at * 37 n.26 (M.D. Pa. Aug. 24, 2004), which reads: "An unjust enrichment claim can be an equitable stand-in a tort claim [sic]." This statement does not have any bearing on the outcome of this matter. In truth, the Court cannot say with certainty what this sentence was meant to convey, and, in any event, the case in which it appears is not precedential.

11

For the reasons set out above, the Defendant's Motion to Dismiss the Amended Complaint (Doc. 22) will be granted.[8]

An appropriate Order follows.

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 17 February, 2009

cc: Counsel of Record via CM-ECF

---

[8] The Court concludes that any attempted amendment would be futile.