IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AARON C. BORING; CHRISTINE BORING, | ) | |
|---|---|---|
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-694 |
| | ) | Magistrate Judge Amy Reynolds Hay |
| GOOGLE INC., | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

Hay, Magistrate Judge

The Court addresses here the Plaintiffs' Motion for Reconsideration (Doc. 45) of the Court's Order (Doc. 43) granting Defendant's Motion to Dismiss the Amended Complaint (Doc. 22) with prejudice.[1] "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). "Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided." Williams v. City of Pittsburgh, 32 F. Supp.2d 236, 238 (W.D.Pa.1996).

The Plaintiffs argue that the Court committed an error of law when it dismissed their

---

[1] The Plaintiffs' Brief makes clear that they have abandoned their privacy and negligence claims, as well as their request for injunctive relief and attorneys fees: "In good faith and for judicial efficiency, Plaintiff [sic] request that the . . . Judge . . . reinstate the Counts II (Trespass) and V (Unjust Enrichment) with the claim for punitive damages. (Doc. 45 at 10).

trespass claim.[2] The Court considers this argument in order to eliminate any possibility that the language of its Memorandum Opinion addressing the Defendant's Motion to Dismiss might be read to suggest that damages are part of a prima facie claim for trespass. Clearly, under Pennsylvania law, they are not. The tort is complete once there has been an unprivileged intentional entry upon property in the possession of another. See Graham Oil v. BP Oil Co., 885 F. Supp. 716, 725 (W.D. Pa. 1994). What the Court *did* hold was that the Borings, in their Amended Complaint, failed to allege facts sufficient to support a plausible claim that they suffered any damage as a result of the trespass. Furthermore, although under Pennsylvania law, a Plaintiff who establishes that a trespass occurred is entitled to nominal damages, see Morris & Essex Mut. Coal Co. v. Delaware, L. & W. R. Co., 42 A. 883, 884 (Pa. 1899), the Court found that this entitlement was not sufficient to save the trespass claim from dismissal under Fed. R. 12(b)(6). This was because the Borings did not, as Pennsylvania law requires, request nominal damages in the Amended Complaint.

While a Plaintiff may be entitled to recover nominal damages, he must first establish that he seeks them. See Bastian v. Marienville Glass Co., 126 A. 798 (Pa. 1924) (affirming trial court's binding instruction for defendant because plaintiff failed to provide proof of actual

---

[2]Their statement of error is not nearly as straightforward as the Court's discussion suggests. The substance and tenor of the Plaintiffs' argument is illustrated by this hyperbolic statement in their Brief:

> The Court tells Google that it is okay to enter onto a person's private property without permission. I would not teach that rule to my child.
>
> This Court's ruling makes our private property a Google Slave; our Property is no longer our own: it is forced to work for another, against its will, without compensation, for the profit of another. The Federal Court should free slavery, not create it.

(Doc. 45 at 3).

damages, and although nominal damages may have been permitted, plaintiff failed to request them). See also Thorsen v. Iron and Glass Bank, 476 A.2d 928 (Pa. Super. 1984) (affirming trial court's grant of summary judgment because plaintiff failed to request nominal damages and failed to show any harm from the alleged breach). In Cohen v. Resolution Trust, No. 03-2729, 107 Fed. Appx. 287, (3d Cir. 2004), the Court of Appeals wrote: "Here, plaintiffs requested only compensatory and punitive damages in their amended complaint, and nothing in the record suggests that they asked to amend their complaint to include nominal damages. Accordingly, the court did not err in refusing to award nominal damages." Id. at 289-290.

The Borings, too, failed to mention nominal damages in their Amended Complaint. They admitted as much in their Memorandum in Opposition to the Motion to Dismiss (Doc. 25):

> [A]side from any compensatory damages in relation to the trespass . . . Plaintiffs could seek nominal damages and punitive damages in relation to a trespass action. Plaintiffs have already sought punitive damages in relation to the trespass, and to the extent Defendant asserts that nominal damages have not been properly pled, Plaintiffs *could amend* the complaint.

Id. at 19 (emphasis added). Plaintiffs did not, however, file a second Amended Complaint, nor did they seek leave to do so. In this context, the Court's decision not to consider the issue of nominal damages was fully consistent with Pennsylvania law, and does not provide a basis for granting the pending Motion for Reconsideration.

The Plaintiffs also challenge the Court's conclusion that the allegations set out in the Amended Complaint do not approach the type of outrageous conduct that warrants a punitive damages award under Pennsylvania law. The Borings' account of Google's conduct has transmogrified during the course of this litigation. In their Amended Complaint (Doc. 18) - to

3

which the Court must confine its attention in evaluating a Motion to Dismiss - the Plaintiffs alleged that "the scope of Google Street View was all paved, non-private roads." Id. at ¶ 7. The allegations relating to the trespass as set out in the Amended Complaint differ dramatically from the account of Google's activity in the Plaintiffs' Brief in Support of the Motion for Reconsideration (Doc. 45), where they state:

> Google's argument that punitive damages are not warranted because Plaintiffs do not point to aggravating or outrageous conduct found in the complaint is factually conclusory in that the illegal entry upon property, pursuant to a calculated scheme of approach, is a crime and clearly warrants punitive damages.

Id. at 8-9. This unsupported alteration in the characterization of Google's conduct does not change the Court's conclusion that the allegations in the Amended Complaint fail to establish a plausible claim of entitlement to punitive damages.

Although the Plaintiffs ask that their claim for unjust enrichment be reinstated, they do not address or point to error in the Court's disposition of that claim. Consequently, the Court does not consider that issue here, adhering to the analysis in the Memorandum Opinion addressing Google's Motion to Dismiss.

Because it finds no ground upon which to do otherwise, the Court will deny the Plaintiffs' Motion for Reconsideration (Doc. 45) in its entirety. An appropriate Order follows.

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated : 6 April, 2009

cc: Counsel of Record via CM-ECF

4