**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AARON C. BORING and CHRISTINE BORING, husband and wife respectively, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., a Delaware corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 08-cv-694 (CB) |

**DEFENDANT GOOGLE INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS RENEWED MOTION FOR
<u>PROTECTIVE ORDER, ATTORNEYS' FEES AND COSTS</u>**

Pursuant to this Court's Orders (Docket Nos. 75, 98, and 103), defendant Google Inc. ("Google") respectfully submits this Memorandum of Law in support of its renewed motion for a protective order under Rules 26(b) and (c).  Google's original motion for a protective order was filed and served on May 13, 2010, and denied as moot and without prejudice to re-file in light of the stay of this action granted at plaintiffs' request.  *See* Docket Nos. 79-83, 98.  Google respectfully renews its motion in light of the Court's lifting of the stay.  *See* Docket No. 103.

## INTRODUCTION

In this simple trespass case — where the only issues are whether or not a Google driver entered plaintiffs' property on a particular date, with or without license, and caused damage — plaintiffs have served 284 Requests for Admission ("Requests").  At least 226 of these Requests are irrelevant, duplicative, or beyond the scope of Rule 36.  After a two-hour meet-and-confer session, followed by a telephonic conference with the clerk of the Honorable Amy Reynolds Hay, plaintiffs still refuse to withdraw, narrow, or otherwise modify their Requests.  In response, Google asks this Court to relieve Google of any obligation to respond to the Requests and to award Google attorneys' fees and costs, and impose such other sanctions it deems appropriate.

## BACKGROUND

Pursuant to the orders of this Court and the Third Circuit judgment of March 11, 2010, this case has been narrowed to a simple trespass action.  Based on plaintiffs' remaining claim and Google's defenses thereto, the only issues to be decided in this case are:  (i) whether a driver acting on Google's behalf entered plaintiffs' property without license on or about August 5, 2007; (ii) the condition of Oakridge Lane and plaintiffs' property on the day of the alleged entry; (iii) the local custom concerning driving on private roads and turning around in private driveways; and (iv) any damages suffered by plaintiffs proximately caused by the alleged entry.  On April 2, 2010, plaintiffs served Google with 284 Requests for Admission.  *See* Google Motion Ex. A.  In response, on April 30, 2010, Google sent plaintiffs a letter raising concerns

about 226 of these Requests.  *See* Declaration of Joshua A. Plaut, dated November 4, 2010 at Ex. A.  In the letter, which included a chart summarizing its objections, Google noted the following:

- 129 Requests are irrelevant to plaintiffs' trespass claim and Google's defenses. For example, plaintiffs seek admissions on whether Google is subject to the Sarbanes-Oxley Act (No. 117), and whether Google drivers, in general, are legally blind or deaf (Nos. 5, 27).

- 30 Requests relate to pure issues of law.  For example, plaintiffs ask Google to admit that neither the Pennsylvania judiciary nor its legislature has addressed the remedies available to a landowner who finds that a trespasser has published pictures of the landowner's property on the Internet.  (Nos. 191, 192).

- At least 36 Requests are duplicative, such as the 12 Requests that seek an admission that a swimming pool is "apparent" in an image that Google included in a prior court filing (Nos. 242-253), and the 8 Requests that seek admissions that Google drivers can read the English language. (Nos. 3-4, 7-12).

- 17 Requests ask Google to reiterate or characterize its defenses or other legal positions in this action.  (Nos. 57, 106, 125, 132, 133, 136, 141, 275-284).

- 14 Requests ask Google to speculate as to hypothetical matters.  (Nos. 82, 178, 201-204, 238-241, 260-263).

Google's counsel met and conferred with plaintiffs' counsel for two hours on April 30, 2010 in an attempt to avoid filing a discovery motion.  *See* Plaut Decl. ¶ 5 & Ex. B.  Plaintiffs declined Google's request to narrow or otherwise modify the Requests, and plaintiffs further declined Google an extension of time to seek assistance from the Court.  *See id.*  On May 4, 2010, the parties appeared telephonically before the clerk of the Honorable Amy Reynolds Hay, and plaintiffs again declined to modify any of the Requests.  *See id.* ¶ 8.  In addition, despite the clerk's suggestion that an extension of time may be appropriate, plaintiffs declined the requested extension again.  *See id*.  The Court ordered briefing on these issues on May 5, 2010 and at that time, it suspended Google's obligation to respond to the Requests until the present dispute was resolved.  *See* Docket No. 75.  In accordance with the briefing schedule set by the Court, Google filed its original motion for a protective order on May 13, 2010.  *See* Docket Nos. 79-83.  On July 9, 2010, the Court stayed this action in its entirety and dismissed, *inter alia*, Google's

motion for a protective order with leave to file a renewed motion in the event that the stay was lifted.  *See* Docket No. 98.  On November 3, 2010, the stay was lifted.  *See* Docket No. 103.

## ARGUMENT

Plaintiffs have abused the discovery process and should be subject to sanctions.  This Court has ample authority under the Federal Rules to order that Google need not respond to the Requests, to otherwise limit plaintiffs' use of discovery, and to grant the other relief Google seeks.  *See* Fed. R. Civ. P. 26(c)(1)(A), (D); *see also Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000); *Robinson v. Stanley*, 2009 WL 3233909 at *2-3 (N.D. Ill. Oct. 8, 2009); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 2008 WL 2487835, at *1 (W.D. Pa. June 16, 2008); *Joseph L. v. Conn. Dep't of Children & Families*, 225 F.R.D. 400, 403 (D. Conn. 2005).

I. **THE COURT SHOULD ENTER AN ORDER THAT GOOGLE NEED NOT RESPOND TO THE REQUESTS**

   A. **The 284 Requests are Disproportionate to the Narrow Scope of this Case and Abusive of the Discovery Process.**

Two hundred eighty-four requests are presumptively unreasonable given the narrow scope of this action.  *See Taylor v. Great Lakes Waste Servs.*, 2007 WL 422036, at *2 (E.D. Mich. Feb. 2, 2007) (297 requests unduly burdensome in "uncomplicated" case involving employer's alleged violation of Family and Medical Leave Act); *Joseph L.*, 225 F.R.D. at 403 (163 requests "excessive to the point of being abusive" in case involving state's allegedly improper denial of hearing).  Like *Taylor*, this is an uncomplicated case, and there is no need for the hundreds of Requests that Plaintiffs have propounded.  As some courts have aptly noted, "requests for admission are few and rarely exceed thirty (30) in number" in most civil cases.  *Stockdale v. Stockdale*, 2009 WL 5217001, at *1 (E.D. Mo. Dec. 30, 2009).

The content of the Requests also reflect that they are abusive of the discovery process.  *See* Plaut Decl. Ex. C (listing improper Requests by category of objection).  For example, 21 Requests relate to arguments from Google's prior briefs in this action, such as Request No. 136: "Admit that Google made the argument that '[there is] no guard dog standing watch.'"  And at

least 36 requests are duplicative, such as the eight separate requests seeking admissions that Google drivers can read English. (Nos. 3-4, 7-12).

      **B.**      **The Vast Majority of the Requests Are Otherwise Improper.**

In addition to the above, at least 190 of the Requests are improper under the Federal Rules because they are irrelevant, speculative, argumentative, or relate to pure issues of law. *See* Plaut Decl. Ex. C. Under Federal Rule 36(a)(1), a request for admission must comply with Federal Rule 26(b)(1), which limits discovery to matters that are relevant to a party's claims or defenses. Plaintiffs' counsel has argued that more than 100 of the disputed Requests are relevant to the state of mind of the driver who allegedly entered plaintiffs' property, and that the driver's state of mind is somehow relevant to Google's license defense. *See* Plaut Decl. ¶ 5 & Ex. B at 1. But plaintiffs' argument misunderstands Google's license defense, which does not go to the driver's state of mind. The defense is based on the implied consent given by general custom for the public to drive up a private driveway or otherwise approach a private home without liability for trespass. The driver's state of mind has no bearing on this issue, and Google should not be required to respond. *See Tracchia v. Tilton*, 2008 WL 5382253, at *3 (E.D. Cal. Dec. 22, 2008) (granting protective order with respect to irrelevant requests for admissions). In the same way, Google should not be required to respond to other improper requests, such as those that posit hypotheticals, *see, e.g.*, *Storck USA, L.P. v. Farley Candy Co.*, 1995 WL 153260, at *3 (N.D. Ill. Apr. 6, 1995), are purely legal, *see, e.g.*, *Fulhorst v. United Techs. Auto., Inc.*, 1997 WL 873548, at *3 (D. Del. Nov. 17, 1997), or are argumentative in that they ask Google to characterize or reiterate its legal positions, *see, e.g.*, *Stockdale v. Stockdale*, 2010 WL 681430, at *1 (E.D. Mo. Feb. 22, 2010).

## II. PLAINTIFFS SHOULD BE LIMITED TO 30 PROPER REQUESTS

If at the upcoming status conference, the Court determines that it is appropriate for plaintiffs to proceed with discovery of Google and that service of requests for admission by plaintiffs is also appropriate, then Google respectfully requests that the Court follow the approach of other district courts and limit plaintiffs to no more than 30.  *See* Fed. R. Civ. P. 26(b)(2)(A) (court can limit number of requests under Rule 36); *see, e.g.*, *Felman Prod., Inc. v. Indus. Risk Insurers*, 2009 WL 3668038, at *2-3 (S.D.W. Va. Nov. 3, 2009) (limiting sides to 20 requests); *Taylor*, 2007 WL 422036, at *3 (limiting parties to 25 requests).  As reflected in Google's proposed order, any such requests should be limited to the narrow issues remaining in this case.

## III. GOOGLE SHOULD BE AWARDED ATTORNEYS' FEES, AND PLAINTIFFS SHOULD BE SANCTIONED

Plaintiffs' abuse of the discovery process is not the first time in this litigation they have violated the rules of this Court.  At the outset of the case, for example, plaintiffs' counsel required the Court to address a motion to file an amended complaint when no such motion was necessary.  *See* Docket Nos. 15, 17.  Plaintiffs' counsel later violated Rule 68 by filing and referring to Google's offer of judgment in their motion to stay the case.  *See* Docket Nos. 67 at 4, 67-3.  Then, after Google raised the issue in its responsive papers, plaintiffs repeated the violation by again discussing the offer of judgment in their reply.  *See* Docket No. 71 at 2-3.  Now, plaintiffs have abused the discovery process as set forth in this motion.  Google respectfully asks this Court to award Google its fees and other costs incurred in connection with the Requests, as authorized by Rules 26(c)(3) and Rule 37(a)(5), and to impose such other sanctions it deems appropriate under 28 U.S.C. § 1927.  *See, e.g.*, *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 142 (3d Cir. 2009) (sanctions appropriate in discovery context when attorney acts in bad faith); *Josendis v. Wall To Wall Residence Repairs, Inc.*, 2009 WL

454558, at *1-2 (S.D. Fla. Feb. 17, 2009) (awarding attorneys' fees under Rules 26(c)(3) and 37(a)(5)).

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court GRANT its Motion for Protective Order and such other relief and sanction as the Court deems proper.

Respectfully submitted,

Dated:  November 4, 2010

s/ Tonia Ouellette Klausner

Tonia Ouellette Klausner, Esq.*

Brian P. Fagan, Esq.
Keevican Weiss Bauerle & Hirsch LLC
Federated Investors Tower
1001 Liberty Avenue, 11th Floor
Pittsburgh, PA 15222
Telephone:  (412) 355-2600
bfagan@kwbhlaw.com

Joshua A. Plaut, Esq.*
Wilson Sonsini Goodrich & Rosati, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone:  (212) 999-5800
tklausner@wsgr.com

*Attorneys for Defendant Google Inc.*

*\*admitted pro hac vice*